Argued July 14, affirmed September 27, 1921.

# BROWN *v.* COMSTOCK, BROWN & ALM CO.

(200 Pac. 900.)

**Costs — Under Circumstances, Allowed Neither Party on Appeal, Where Case had Become Moot.**

1. Where, on appeal by plaintiff from a decree in a suit to foreclose a lien for labor on lumber, in which defendant prayed that the suit be dismissed and the decree of foreclosure was for a less sum than prayed, and no attorney's fee was allowed, the court is advised that, plaintiff having bought the lumber pending the appeal at a sale under execution of a third party against defendant, the only question to be decided is that of costs on appeal, *held* that, most of the expenses of appeal having been incurred by plaintiff, and those incurred by defendant being inconsiderable, neither party should be allowed costs on affirmance.

From Marion: GEORGE G. BINGHAM, Judge.

Department 1.

'AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Walter C. Winslow.*

For respondent there was a brief and an oral argument by *Mr. Custer E. Ross.*

HARRIS, J.—Between January 1, 1920, and May 15, 1920, F. H. Brown, the plaintiff, and E. M. Comstock performed labor for the defendant Comstock, Brown & Alm Company, a corporation in the manufacture of lumber. For the purpose of securing wages due and unpaid, the plaintiff and Comstock under the authority of Section 10237, Or. L., each filed a lien on 60,000 feet of lumber which was on the yard at the mill site. Comstock assigned his claim and lien to F. H. Brown, who then brought this suit to foreclose both liens.

The plaintiff claims that $7 per day was "the agreed and reasonable price" for work done by him in manufacturing lumber; and that the same amount was likewise the "agreed and reasonable price" of the labor performed by Comstock.

The answer alleges that the plaintiff, Comstock and P. E. Brown as partners were constructing a small sawmill; that their funds were exhausted before the completion of the mill and that they were largely involved in debt and for that reason they applied to Julius Alm for financial assistance, with the result that Alm purchased the interest of P. E. Brown upon an agreement which, among other things, provided for the formation of a corporation to take over the

sawmill property and also required the plaintiff and Comstock to—

"render their services to said sawmill construction and operations at the rate of $2 per day until the claims against said concern were paid, and that thereafter they should receive such wages as were usually paid to laborers in that vicinity for work of like sort."

The "claims against said concern" were not paid; in truth the indebtedness was increased instead of reduced.

Each of the two liens embraced a claim for labor performed in the construction of the mill as well as for labor performed in the manufacture of lumber after the mill was completed and put into operation. In the beginning, it was contended by the plaintiff that the lumber which was manufactured and on the yard at the mill site could be held for work done in the construction of the mill; but before the end of the trial the plaintiff concluded that the lumber could not be so held; and hence, as we understand the record, the principal issue was whether or not the plaintiff and his assignor had agreed to labor in the manufacture of lumber for $2 per day until the indebtedness chargeable against the mill was paid. Upon this issue the trial court found for the defendant; and the plaintiff appealed.

After the appeal was perfected and after the printed abstract and the briefs had been filed and nothing remained to be done by the litigants except to argue the cause on appeal, the lumber covered by the liens was purchased by the plaintiff at an execution sale held under an execution issued on a judgment obtained by H. Steinbock against the defendant.

Counsel have advised us that since the plaintiff now owns the lumber the only question to be decided is the question of costs in this court. The Circuit Court declined to allow an attorney's fee to the plaintiff although the plaintiff was granted a decree. It is not necessary to decide whether the statute compels the allowance of such a fee or whether its allowance is discretionary, but the circumstance that a fee was not allowed is not without its influence in the decision of the question of costs in this court. The defendant prayed, not that a decree be rendered for wages at the rate of $2 per day, but for a decree dismissing the suit. The trial court refused to dismiss the suit and rendered a decree for a specified sum of money and foreclosed the liens.

1. The expense of transcribing the evidence, printing the abstract and a brief, has been incurred, and presumably paid, by the plaintiff; so that most of the expense of the appeal has been incurred by the plaintiff himself. The expenses incurred by the defendant are not considerable. In all the circumstances it is our conclusion that neither party should be allowed costs in this court.   Affirmed.

Burnett, C. J., and McBride and Brown, JJ., concur.